UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| LUIS M.P., | Case No. 26-CV-406 (NEB/LIB) |
| Petitioner, | |
| v. | ORDER |
| PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, Department of Homeland Security, TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, RYAN SHEA, Sheriff, Freeborn County, | |
| Respondents. | |

---

This matter is before the Court on Petitioner Luis M.P.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Luis M.P. is a citizen of Ecuador who has lived in the United States since April 2023 when he entered the country without inspection. (*Id.* ¶¶ 7, 14.) Since then, Luis M.P. has applied for asylum (application pending) and been approved by USCIS for a work authorization card (expiring in April 2028). (ECF No. 6 ¶¶ 10, 14.) He has no criminal record. (*Id.* ¶ 15.)

On December 24, 2025, Immigration and Customs Enforcement ("ICE") took Luis M.P. into custody without a warrant. (*Id.* ¶ 16.) Afterwards, Luis M.P. filed this habeas action challenging his detention under 28 U.S.C. § 2241.

Luis M.P. is one of hundreds of petitioners across the country who have challenged their custody without an individualized bond determination. Like those others, Luis M.P. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States since he entered the country over two years ago, Luis M.P. asserts that Section 1226, rather than Section 1225, applies. (Pet. ¶ 29.) He therefore argues that he is entitled to a bond hearing and that his detention under Section 1225(b)(2) violates the Fifth Amendment, INA and its implementing regulations, and the Administrative Procedure Act. (*Id.* ¶¶ 30–46.)

As Respondents recognize, the Court has already concluded that petitioners similarly situated to Luis M.P. are entitled to a bond hearing under the law. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section

2

1225(b)(2) applies to applicants "seeking admission," but the government did not detain Luis M.P. while he was entering the United States. Instead, he was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents concede that the Court's decision in *R.E.* controls Luis M.P.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint. (ECF No. 5 at 4–5.) The Court recognizes, but is not persuaded by, the

minority viewpoint, including the additional cases cited by Respondents; it has already considered and rejected similar arguments in *R.E.*[1]

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Luis M.P. requests immediate release, while Respondents assert that a custody redetermination hearing would be the proper remedy. (Pet. ¶ 47; ECF No. 5 at 8.) Several courts in this District have concluded that petitioners detained by ICE without an administrative warrant, which is required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, 26-CV-5 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.").

Luis M.P. asserts that his arrest was warrantless. (Pet. ¶ 16.) The Court ordered Respondents to produce evidence to establish the lawfulness and correct duration of Luis M.P.'s detention in light of issues raised by the habeas petition. Respondents did not submit a warrant to support Luis M.P.'s arrest. Because a warrant is a prerequisite to detention under Section 1226(a), and there was no warrant here, Luis M.P.'s detention

---

[1] The Court notes that Respondents' arguments to the contrary are preserved for appeal.

lacks a lawful predicate. *Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6; *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-CV-437, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025). The Court therefore orders the immediate release of Luis M.P.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

    a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

    b. ORDERS that Respondents must release Petitioner from custody in Minnesota immediately;

    c. ORDERS that, within **two days**, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred; and

    d. ENJOINS Respondents from moving Petitioner outside of Minnesota prior to Compliance with this Order. If Petitioner has

5

already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

| | |
|---|---|
| Dated: January 19, 2026<br>Time: 5:20 p.m. | BY THE COURT:<br>s/Nancy E. Brasel<br>Nancy E. Brasel<br>United States District Judge |